IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

ROGER PERALES,

        Plaintiff,

    v.

J.E. THOMAS, et al.,

        Defendants.

Case No. 3:10-cv-01314-BR

ORDER

BROWN, Judge.

Plaintiff, an inmate at FCI Sheridan, brings this civil rights action pursuant to 42 U.S.C. § 1983 *pro se*. Currently before the Court are several matters.

## I.    Plaintiff's Motion to Compel [#80]

In his Second Amended Complaint, Plaintiff alleges he was burned with hot water while removing a heating coil from an air handling unit at the prison where he was working at the time. Plaintiff alleges Defendants acted with deliberate indifference regarding his training, safety, and medical care and that he

1 - ORDER -

suffered cruel and unusual punishment, in violation of the Eighth Amendment.

Plaintiff submitted a discovery request to Defendants which included interrogatories, a request for production of documents, and a request for admissions.  Defendants responded by providing Plaintiff 826 pages of documents and by individually responding to Plaintiff's interrogatories and requests for admissions. Plaintiff now moves for an order compelling Defendants to provide additional answers and/or documentation in five respects, each of which is dealt with separately below.

**A.    "[T]o answer each question according to what was utilized here at the institution."**

This request is denied as vague and confusing.  The Court reviewed Defendants' responses to the interrogatories and requests for admissions and found them generally responsive to Plaintiff's requests.

**B.    "[T]o allow statements from the H.V.A.C. department employees and Mrs. Rochelle K. Harris who first brought the hot water temperature into question."**

Under Fed. R. Civ. P. 34, a party is not required to prepare new documents; the Rule only requires a party to produce documents that already exist.  *Alexander v. FBI*, 194 F.R.D. 305, 310 (D.C. Cir. 2000); *Van v. Wal-Mart Stores*, 2011 WL 62499, *1 n.1 (N.D. Cal., Jan. 7, 2011).  Accordingly, the Court will not compel Defendants to obtain statements from non-parties and Plaintiff's

request is DENIED.  Plaintiff is referred to Fed. R. Civ. P. 30 and 31 for guidance in obtaining testimony from non-party witnesses via deposition by oral examination or deposition by written questions.

### C.   To provide Plaintiff's psychological file to him.

Plaintiff asks the Court to compel Defendants to produce his psychological records.  In his discovery request, Plaintiff asks Defendants to "[p]lease provide all documentation regarding the Plaintiff[']s care and aftercare" following the injury.  In his Second Amended Complaint, Plaintiff alleges the following:

> After the incident . . . defendants failed to provide adequate aftercare or nothing whatsoever to offset the trauma of the injury and the period of incapacitation while rehabilitating.

Plaintiff makes no other allegations concerning the treatment he received or that he suffered mental anguish as a result of the accident.

Plaintiff's request for production does not specify psychological records, and based on the allegations of his Second Amended Complaint, it is not apparent that this category of documents would be covered by Plaintiff's request.  Accordingly, it is DENIED, with leave to renew a production request to Defendants making clear what records Plaintiff seeks.

> **D.    To obtain a statement from Roger Hawks about how Mr. Lyons insisted he be placed in food service.**

Again, Defendants are not required to produce documents that do not already exist. Plaintiff's request is DENIED.

> **E.    Plaintiff recounts an alleged injury to another inmate and states the "defendants did not include those statements in the Quarterly Safety Minutes" he requested.**

Finally, Plaintiff complains Defendants did not include statements pertaining to another inmate's burn incident in the Quarterly Safety Minutes. Defendants respond that they produced the memoranda for each of the Quarterly Safety Meetings in question. Accordingly, Plaintiff's request is DENIED.

## II.  Plaintiff's Request "to Show Cause for Motion to Compel" [#83]

In addition to the motion to compel discovery discussed above, Plaintiff filed an unsigned document in which he states "Plaintiff wishes to show cause for motion to compel."[1]  In the document, Plaintiff provides a narrative of the events underlying his Complaint and reiterates his request that this Court require Defendants to provide statements from several alleged witnesses. As discussed above, the Court will not require Defendants to create documents which do not already exist. Accordingly, to the extent Plaintiff's document [#83] can be construed as a request

---

[1]The document also does not contain any indication Plaintiff mailed a copy thereof to counsel for Defendant.

for an order compelling Defendants to do so, the request is DENIED.

### III. Plaintiff's Letter Request for Preliminary Injunction

On July 11, 2012, the Court received a letter from Plaintiff in which Plaintiff requested injunctive relief in the form of an order preventing Plaintiff from being moved from FCI Sheridan during the pendency of this action.

To obtain preliminary injunctive relief in the Ninth Circuit, a party must meet one of two alternative tests.  Under the "traditional" standard, preliminary relief may be granted if the court finds: (1) the moving party will suffer irreparable injury if the preliminary relief is not granted; (2) the moving party has a likelihood of success on the merits; (3) the balance of potential harm favors the moving party; and 4) the advancement of the public interest favors granting injunctive relief. *Burlington N.R.R. v. Department of Revenue*, 934 F.2d 1064, 1084 (9th Cir. 1991).

Under the alternative test, the moving party may meet the burden by showing either (1) probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tips sharply in the moving party's favor. *Id.*; *Associated Gen. Contractors of Cal., Inc. v. Coalition for Economic Equity*, 950 F.2d 1401, 1410

(9th Cir. 1991), *cert. denied*, 503 U.S. 985 (1992). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Prudential Real Estate Affiliates v. PPR Realty. Inc.*, 204 F.3d 867, 874 (9th Cir. 2000).

Plaintiff's institutional placement is not the subject of any claims in Plaintiff's Second Amended Complaint. As such, Plaintiff cannot establish the likelihood of success on the merits of a challenge to his placement.

Moreover, in the event Plaintiff was transferred to another prison, this Court would retain jurisdiction of this action and Plaintiff would maintain the same legal rights he has now. As such, Plaintiff has not shown he would suffer irreparable harm by being transferred to another prison.

Plaintiff has not established he is entitled to the injunctive relief requested. Accordingly, the Court DENIES Plaintiff's Motion.

## II.  Advice Notice for Defendant's Motion to Dismiss, Which the Court Converted to a Motion for Summary Judgment

Defendants filed a motion to dismiss Plaintiff's Second Amended Complaint for failure to state a claim upon which relief may be granted. On May 17, 2012, the Court issued an Order notifying the parties that it converted Defendants' motion to dismiss into a motion for summary judgment. On July 6, 2012, the

Ninth Circuit Court of Appeals issued a decision in *Woods v. Carey*, 684 F.3d 934 (2012).  In *Woods*, the Ninth Circuit held that the notice required under *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) for *pro se* prisoners facing a motion for summary judgment must be given the prisoner at the time the motion for summary judgment is filed.  *Woods*, 684 F.3d at 940.  Accordingly, the Court provides the following notice to Plaintiff:

**NOTICE-WARNING**

**This Notice is Required to be Given to You by the Court**

The defendants have made a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine dispute of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in depositions,

7 - ORDER -

documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials, as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine dispute of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

### CONCLUSION

For the reasons set forth above, the Court DENIES Plaintiff's Motion for Preliminary Injunction [#74], Motion to Compel Discovery [#80], and Motion to "Show Cause for Motion for Compel" [#83].

Plaintiff shall have until October 23, 2012, to file a supplemental response to Defendant's Motion to Dismiss [#59], which the Court has converted to a Motion for Summary Judgment. Defendant shall have until November 16, 2012, to file a Reply. Defendants' Motion to Dismiss [#59], which the Court has converted

to a Motion for Summary Judgment, shall be taken UNDER ADVISEMENT
on November 16, 2012.

IT IS SO ORDERED.

DATED this _____ 4ᵗʰ _____ day of ~~September~~ October, 2012.

_____
ANNA J. BROWN
United States District Judge