```
                IN THE UNITED STATES DISTRICT COURT

                     FOR THE DISTRICT OF OREGON


ROGER PERALES,                           3:10-CV-01314-BR

        Plaintiff,
                                         OPINION AND ORDER
v.

JEFFREY THOMAS, Warden;
STANLEY LABRIERER; BARNEY
TOTTEN; and ROBERT LYONS,

        Defendants.


ROGER PERALES
03208-029
Federal Detention Center
5675 Eighth Street - Camp Parks
Dublin, CA 94568

        Plaintiff, Pro Se

S. AMANDA MARSHALL
United States Attorney
KEVIN C. DANIELSON
Assistant United States Attorney
1000 S.W. Third Avenue
Suite 600
Portland, OR 97204
(503) 727-1000

        Attorneys for Defendants

1 - OPINION AND ORDER
```

**BROWN, Judge.**

This matter comes before the Court on Defendants' Motion (#59) for Summary Judgment.  For the reasons that follow, the Court **GRANTS** Defendants' Motion.


### BACKGROUND

Plaintiff Roger Perales, an inmate at Federal Correctional Institution Sheridan (FCI Sheridan), brings this civil-rights action pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).  In his Second Amended Complaint Plaintiff brings claims against Defendants for violations of Plaintiff's right under the Eighth Amendment to the United States Constitution to be free from cruel and unusual punishment related to his health and safety and for allegedly failing to provide him with adequate medical care.

On February 21, 2012, Defendants filed a Motion to Dismiss all of Plaintiff's claims.  On March 7, 2012, Plaintiff filed a Response.

On May 17, 2012, the Court entered an Order in which it converted Defendants' Motion to Dismiss into a Motion for Summary Judgment.  The Court advised Plaintiff that in order to rebut Defendants' Motion, Plaintiff would have to

> set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule

2 - OPINION AND ORDER

> 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.

The Court also advised Plaintiff that failure to submit his own evidence might result in summary judgment being entered against him.

On October 23, 2012, Plaintiff filed a Response to Defendants' Motion for Summary Judgment. On November 16, 2012, Defendants filed a Reply to their Motion. On November 26, 2012, Plaintiff filed a Sur-Reply to Defendants' Motion. The Court took this matter under advisement on November 26, 2012.

## **STANDARDS**

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Washington Mut. Ins. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). *See also* Fed. R. Civ. P. 56(a). The moving party must show the absence of a genuine dispute as to a material fact. *Emeldi v. Univ. of Or.*, 673 F.3d 1218, 1223 (9th Cir. 2012). In response to a properly supported motion for summary judgment, the nonmoving party must go beyond the pleadings and point to "specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) "This burden is not a light one. . . . The non-moving party must

3 - OPINION AND ORDER

do more than show there is some 'metaphysical doubt' as to the material facts at issue." *Id.* (citation omitted).

A dispute as to a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The court must draw all reasonable inferences in favor of the nonmoving party. *Sluimer v. Verity, Inc.*, 606 F.3d 584, 587 (9th Cir. 2010). "Summary judgment cannot be granted where contrary inferences may be drawn from the evidence as to material issues." *Easter v. Am. W. Fin.*, 381 F.3d 948, 957 (9th Cir. 2004)(citing *Sherman Oaks Med. Arts Ctr., Ltd. v. Carpenters Local Union No. 1936*, 680 F.2d 594, 598 (9th Cir. 1982)).

"A non-movant's bald assertions or a mere scintilla of evidence in his favor are both insufficient to withstand summary judgment." *F.T.C. v. Stefanchik*, 559 F.3d 924, 929 (9th Cir. 2009)(citation omitted). When the nonmoving party's claims are factually implausible, that party must "come forward with more persuasive evidence than otherwise would be necessary." *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1137 (9th Cir. 2009) (citing *Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1149 (9th Cir. 1998)).

The substantive law governing a claim or a defense

4 - OPINION AND ORDER

determines whether a fact is material.  *Miller v. Glenn Miller Prod., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006).  If the resolution of a factual dispute would not affect the outcome of the claim, the court may grant summary judgment.  *Id*.

## DISCUSSION

I. **Civil-rights actions under *Bivens* generally**

In *Bivens*, the Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)(quotation omitted).

II. **Defendants Jeffrey Thomas, Stanley Labrierer, and Barney Totten**

A *Bivens* action may only be brought against the responsible federal official in his individual capacity.  *Starr v. Baca*, 652 F.3d 1202, 1206 (9th Cir. 2011).  *Bivens* does not authorize an action against the government or its agencies for monetary relief.  *Federal Deposit Ins. Corp. v. Meyer*, 114 S. Ct. 996, 1005-06 (1994).

In addition, under *Bivens* "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."  *Iqbal*, 556 U.S. at 676.  *See also Chavez v. United States*, 683 F.3d 1102, 1109 (9th Cir. 2012)(same).

5 - OPINION AND ORDER

Defendant Thomas is the Warden of FCI Sheridan. Defendant Labrierer is the manager of Central Maintenance Services at FCI Sheridan. Defendant Barney Totten is the Safety Manager at FCI Sheridan. In his Second Amended Complaint, Response, and Sur-Reply Plaintiff does not allege any facts that establish Thomas, Labrierer, or Totten had any personal involvement in Plaintiff's injury or the alleged inadequate medical treatment. As noted, Thomas, Labrierer, and Totten cannot be held liable under *Bivens* in the absence of some personal involvement.

Accordingly, the Court grants Defendants' Motion for Summary Judgment as to Thomas, Labrierer, and Totten.

### III. Plaintiff's claim for violation of the Eighth Amendment related to his health and safety

Plaintiff alleges Defendants violated the Eighth Amendment when they failed to provide him with proper training and/or to advise him of potentially hazardous job risks, which resulted in Plaintiff's January 14, 2010, injury.

#### A. Background

On June 15, 2009, Plaintiff was assigned to heating, ventilation, and air-conditioning (HVAC) detail at FCI Sheridan. On January 6, 2010, Plaintiff signed the Bureau of Prison's (BOP) Program Registration and Apprenticeship Agreement for HVAC technicians. The Registration form notes Plaintiff's apprenticeship began January 4, 2010.

Plaintiff alleges in his Sur-Reply that on January 13,

6 - OPINION AND ORDER

2010, he was "instructed to repair a leak on a heating coil in Unit 3," which resulted in another leak.  Plaintiff alleges he was advised by his "supervisor" when he returned to the maintenance shop that the leak was his responsibility and "we would return tomorrow to repair" the leak.

Defendant Lyons testifies in his Declaration that on January 13, 2010, he instructed the HVAC work detail, including Plaintiff, "on the proper steps to . . . remove a heating coil," and they followed those steps "when we shut down the system in order to perform repairs."  Decl. of Robert Lyons at ¶ 5.

In his Sur-Reply Plaintiff also provides the following account of the events at issue:

> On January 14, 2010 the H.V.A.C. crew returned back to Unit 3 to replace the copper pipe that was cracked.  Mr. Lyons then advised us that we were to secure to water valves and went on to do something else.  Plaintiff asked Mr. Lyons which valves were to be secured and Mr. Lyons said the ones that read 200 degrees.  At this time Inmate Marlon Thomas reached up to turn the valve off or what we both thought was off.  The Plaintiff having been blamed for the incident the prior day asked inmate Thomas not to turn the valve off, but to let him do the job that was intended for him.

Sur-Reply at ¶ 2.

Defendant Lyons testifies in his Declaration as follows:

> On or about January 14,2010, at approximately 9:15 a.m., I was instructing the work detail on the proper steps to take to remove a heating coil. This was the exact same process I had described and that we followed the preceding day when we

7 - OPINION AND ORDER

> shut down the system in order to perform repairs. As I was explaining the steps to be taken for the repair, I pointed at the hot water supply and return valves for the housing units and said, "we will need to secure those two valve[s] that have the temperature gauges that read 200 degrees Fahrenheit.["]  At that point, I turned to look at another set of valves when [Defendant] caught my eye and was turning the wrong valve and opening the drain valve for the building's main hot water line.  I said, "no, not that one."  By this time it was too late and the water had already dumped onto his right shoulder and upper chest.

Lyons Decl. at ¶ 5.  It is undisputed that Plaintiff accidentally opened the drain valve for the building's main hot-water line, was hit with 200°F water on his upper right arm and chest, and suffered burns.

   B.   **Standards**

"The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement."  *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006)(citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)).  The Ninth Circuit has held "[a] prisoner's labor can constitute a condition of confinement, where the prisoner has no choice but to work in some capacity within the prison.  The prison officials supervising him have a constitutional obligation to take reasonable measures to guarantee his safety."[1]  *Id*.

---

[1] It is undisputed that the BOP requires inmates to work if they are medically able to do so.

8 - OPINION AND ORDER

Nevertheless,

> [n]ot every injury that a prisoner sustains while in prison represents a constitutional violation. A prisoner claiming an Eighth Amendment violation must show (1) that the deprivation he suffered was "objectively, sufficiently serious;" and (2) that prison officials were deliberately indifferent to his safety in allowing the deprivation to take place. *Farmer*, 511 U.S. at 834. More specifically, the Eighth Amendment is implicated in the prison work context only when a prisoner employee alleges that a prison official compelled him to perform physical labor which [was] beyond [his] strength, endanger[ed his life] or health, or cause[d] undue pain.

*Id.* (quotations omitted).

### C. Analysis

Plaintiff alleges Defendants were deliberately indifferent to his safety because the water temperature was too high and the drain valve did not have a cap. Plaintiff points to the fact that after this incident Defendants turned down the water temperature at FCI Sheridan and ordered caps to be put on valves. Plaintiff, however, does not point to any evidence on the record that establishes Defendants were aware of the risk to inmates from the lack of a valve or the water temperature before this incident. In contrast, Defendant Totten testifies in his Declaration that he has not found any Occupational Health and Safety Administration (OSHA) regulation or standard that would have required caps or similar precautions to be on the type of pipes that Plaintiff was working on. Decl. of Barney Totten at ¶ 4. Totten also testifies he worked in the safety departments

9 - OPINION AND ORDER

of three correctional institutions from September 1995 through January 2010 and was responsible for reviewing accident reports at each institution. He has, however, "never seen documented cases nor ha[s he] investigated an injury similar to the accident of [Plaintiff]." *Id*. at ¶ 6. Defendant Lyons also testifies in his Declaration that he has been the HVAC Foreman at FCI Sheridan since 2007 and has "never had an inmate under [his] supervision get burned from hot water by opening a wrong valve." Lyons Decl. at ¶ 6.

Plaintiff also alleges Defendants were deliberately indifferent to his safety because Plaintiff had not received required training before working on the valve. Plaintiff points out that BOP documents specify HVAC technician apprentices receive 6,000 hours of training. Lyons, however, testifies in his Declaration that the entire HVAC apprenticeship program takes five years to complete and the 6,000 hours of training are accrued across the five years. Lyons Decl. at ¶ 2. Lyons also testifies there is not anything in the training program that requires a specific number of hours of training to be received before an inmate is allowed to repair or to work on valves. *Id*.

In any event, the facts here are distinguishable from cases in which courts have held prison officials violated inmates' rights due to injuries sustained during inmate work detail. For example, in *Morgan* the plaintiff was injured by a

10 - OPINION AND ORDER

defective printing press while working at a prison job.  465 F.3d at 1043.  Unlike here, however, the plaintiff in *Morgan* alleged he told his supervisor about problems with the printing press before his injury, but his supervisor forced the plaintiff to keep working.  *Id*.  Similarly, in *Osolinski v. Kane* a prisoner was injured when an oven door in the prison's family-visiting unit fell off of its hinges and burned his arm.  92 F.3d 934, 935 (9th Cir. 1996).  In that case the defendants failed to repair the oven door before the plaintiff's accident despite numerous maintenance requests.  *Id*.  In *Gill v. Mooney* the plaintiff inmate was injured after a prison official ordered him to continue to work on a ladder that the plaintiff had advised him was defective and unsafe.  824 F.2d 192 (2d Cir. 1987).

      Plaintiff has not established facts similar to those in *Morgan, Osolinski,* and *Gill*.  There is not any evidence in the record that Defendants were aware of hazardous or dangerous conditions associated with the pipe on which Plaintiff was working before Plaintiff's injury.  The Court, therefore, concludes Plaintiff has not established Defendants were deliberately indifferent to Plaintiff's health or safety in violation of the Eighth Amendment.

      Accordingly, the Court grants Defendants' Motion for Summary Judgment as to Plaintiff's claim for violation of the Eighth Amendment related to his health and safety.

11 - OPINION AND ORDER

## IV. Plaintiff's claim for denial of adequate medical care in violation of the Eighth Amendment

Plaintiff alleges Defendants violated Plaintiff's rights under the Eighth Amendment by failing to provide him with adequate medical care to Plaintiff after he suffered burns on January 14, 2010.

### A. Background

As noted, on January 14, 2010, at approximately 9:15 a.m. Plaintiff suffered burns on his upper right arm and chest from 200°F water. The record reflects Plaintiff was seen at FCI Sheridan's Health Services by Marissa Moritz, P.A., on January 14, 2010, at 9:30 a.m. Moritz administered an intramuscular injection of Meperidine Hydrochloride and prescribed Ibuprofen and OxyCodone for three days to address Plaintiff's pain and swelling. Moritz directed Plaintiff to return the following day for a recheck.

On January 17, 2010, Plaintiff was seen by Jim Vickeroy, R.N., for followup on Plaintiff's burn. Vickeroy noted Plaintiff had "[m]ultiple burns over the inner aspect of right arm and right upper chest." Second Am. Compl., Ex. 3. Vickeroy covered "all areas . . . with Silvadene cream, then overlayed with padding and then wrapped with elastic gauze and covered with Coban." *Id*. Vickeroy renewed Plaintiff's prescription for OxyCodone for three days and directed Plaintiff to return the following day for "re-assessment of need to continue Silvadene."

12 - OPINION AND ORDER

*Id.*

On January 21, 2010, Plaintiff was seen by Stephen Davis, D.O., and reported he was "in a lot of pain and did not sleep last night." Second Am. Compl., Ex. 4. Plaintiff requested pain medication, ointment for the burn, and additional time off from work. Dr. Davis prescribed further oxycodone, but he recommended a "6 day taper of pain medication." *Id.* Dr. Davis also provided Plaintiff with Silver Sulfadiazine cream and approved Plaintiff for an additional seven days off from work. Dr. Davis provided Plaintiff with a "4x4 dressing" and paper tape "to cover areas of blisters that have popped" and "encouraged [Plaintiff] to flex and extend arm to keep mobility." *Id.*

The record does not reflect any visits by Plaintiff to Health Services until February 1, 2010, at which time Plaintiff requested to go back to work. Moritz noted Plaintiff's medications "expired 1/28" and approved Plaintiff to return to work.

On February 16, 2010, Plaintiff was seen at the FCI Sheridan psychiatric clinic, and it was noted that the areas on which he had been burned were "healed now."

**B.   Standard**

Deliberate indifference to serious medical needs is a cognizable claim for violation of the Eighth Amendment

13 - OPINION AND ORDER

proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). *See also Actkinson v. Vargo*, 284 F. App'x 469, 472 (9th Cir. 2008).

> To sustain [a] deliberate indifference claim, [a plaintiff must] meet the following test: "First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendant's response to the need was deliberately indifferent."

*Peralta v. Dillard*, No. 09-55907, 2013 WL 57893, at *3 (9th Cir. Jan. 7, 2013)(quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006)). To satisfy the second prong (*i.e.,* that defendant's response to the need was deliberately indifferent), a plaintiff must show: "'(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference.'" *Id*. (quoting *Jett*, 439 F.3d at 1096). Deliberate indifference may be established by showing that prison officials deny, delay, or intentionally interfere with medical treatment or it may be demonstrated by the way prison officials provide medical care. *Jett*, 439 F.3d at 1096.

"Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004)(citation omitted). *See also Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012)("Medical malpractice does not

14 - OPINION AND ORDER

become a constitutional violation merely because the victim is a prisoner."). In addition, "a plaintiff's showing of nothing more than a difference of medical opinion as to the need to pursue one course of treatment over another [is] insufficient, as a matter of law, to establish deliberate indifference." *Wilhelm*, 680 F.3d at 1122 (quotation omitted).

**C. Analysis**

Plaintiff fails to establish on this record that Defendants were deliberately indifferent to Plaintiff's serious medical needs. Specifically, Plaintiff fails to identify any treatment, medication, or diagnosis he believes he should have received but that Defendants failed to provide. Plaintiff was seen by health-services personnel within 15 minutes of suffering his burns, and they provided him with various forms of pain relief, medicated creams, bandages, and relieved him from work duties.

Viewing the evidence in the light most favorable to Plaintiff, the Court finds no reasonable juror could conclude on this record that Defendants' conduct constituted deliberate indifference to a substantial risk of harm to Plaintiff's health. Plaintiff, therefore, has not established Defendants violated Plaintiff's rights under the Eighth Amendment.

Accordingly, the Court grants Defendant's Motion for Summary Judgment as to Plaintiff's claim for violation of the

Eighth Amendment based on Defendants' alleged failure to provide adequate medical treatment.

## CONCLUSION

For these reasons, the Court **GRANTS** Defendants' Motion (#59) for Summary Judgment and **DISMISSES** this matter **with prejudice.**

IT IS SO ORDERED.

DATED this 14th day of January, 2013.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge